1

2

3        **UNITED STATES DISTRICT COURT**

4        **NORTHERN DISTRICT OF CALIFORNIA**

5        **SAN JOSE DIVISION**

6

7    BRIAN WHITAKER,                          Case No.  21-cv-05163-BLF

8                    Plaintiff,

9           v.                                 **ORDER DENYING MOTION TO**
                                                **DISMISS AND REQUEST FOR**
10   PEET'S COFFEE, INC.,                       **EVIDENTIARY HEARING**

11                  Defendant.                  [Re:  ECF No. 13]

12

13           Before the Court is Defendant Peet's Coffee, Inc.'s ("Defendant") Motion to Dismiss for

14   lack of subject matter jurisdiction and Request for Evidentiary Hearing.  ECF No. 13 ("Mot.").

15   Plaintiff opposes the Motion.  ECF No. 17 ("Opp.").  The Court found the Motion suitable for

16   disposition without oral argument and vacated the hearing set for March 17, 2022.  ECF No. 28;

17   Civ. L.R. 7-1(b).  Because the Court holds that Plaintiff has adequately alleged standing both to

18   assert his ADA claim and seek injunctive relief, Defendant's Motion is DENIED.

19   **I.    BACKGROUND**

20           Per his Complaint, Plaintiff is a quadriplegic who suffers from a C-4 spinal cord injury and

21   uses a wheelchair for mobility.  ECF No. 1 ("Compl.") ¶ 1.  Plaintiff alleges that, on two occasions

22   in June 2021, he went to Peet's Coffee located at 1140 Lincoln Avenue in San Jose, California.

23   *Id.* ¶¶ 2, 8.  During the visits, Plaintiff allegedly encountered outdoor dining surfaces that did not

24   provide sufficient knee or toe clearance for wheelchair users.  *Id.* ¶¶ 10-12.  Plaintiff alleges that

25   these barriers are easily removed without much difficulty or expense, and that he will return to

26   Peet's Coffee once it is represented to him that its facilities are accessible.  *Id.* ¶ 20.  He is

27   currently deterred from returning because of his knowledge of the existing barriers and his

28   uncertainty about the existence of other barriers on site.  *Id.*

United States District Court
Northern District of California

1    Plaintiff filed this suit on July 6, 2021.  He asserts two claims—one for violation of the
2    Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and one for violation of the
3    Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  Compl. ¶¶ 22-32.  Plaintiff seeks injunctive
4    relief under both statutes and damages under the Unruh Act, as well as nominal damages for
5    violation of the ADA.  *Id.* at 7.

6    **II.    LEGAL STANDARD**

7        **A.    Federal Rule of Civil Procedure 12(b)(1):  Lack of Subject-Matter Jurisdiction**

8        Federal courts can adjudicate only those cases which the Constitution and Congress
9    authorize them to adjudicate:  those involving diversity of citizenship or a federal question, or
10   those to which the United States is a party.  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–
11   77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415
12   (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject
13   matter jurisdiction.").  A defendant may raise the defense of lack of subject matter jurisdiction by
14   motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The plaintiff bears the
15   burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375,
16   377 (1994).  The Court has a continuing obligation to ensure that it has subject matter jurisdiction.
17   *See* Fed. R. Civ. P. 12(h)(3).

18       Furthermore, Article III standing "is a necessary component of subject matter jurisdiction."
19   *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011).  The Supreme Court has
20   repeatedly stated that the "irreducible constitutional minimum of standing" consists of three
21   elements.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1)
22   suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,
23   and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136
24   S. Ct. 1540, 1547 (2016).  These elements are often referred to as injury in fact, causation, and
25   redressability.  *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of
26   Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020).  Plaintiff, as the party invoking
27   federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the
28   pleading stage "must clearly allege facts demonstrating each element."  *Spokeo*, 136 S. Ct. at 1547

United States District Court
Northern District of California

1    (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518

2    (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the

3    complaint.").

4            A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373

5    F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the Court determines whether the

6    allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction,

7    accepting all material allegations in the complaint as true and construing them in favor of the party

8    asserting jurisdiction.  *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is

9    factual, however, "the court need not presume the truthfulness of the plaintiff's allegations."  *Safe*

10   *Air*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter

11   jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a

12   motion to dismiss into one for summary judgment.  *Id.*  Once the moving party has made a factual

13   challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the

14   party opposing the motion must "present affidavits or any other evidence necessary to satisfy its

15   burden of establishing that the court, in fact, possesses subject matter jurisdiction."  *St. Clair v.*

16   *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*

17   *Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

18           **B.    Americans with Disabilities Act (ADA)**

19           "The ADA includes three main sections – Title I, which concerns employment

20   discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* §

21   12131 *et seq.*; and Title III, which governs access to privately operated public accommodations,

22   such as restaurants and movie theaters, *id.* § 12181 *et seq.*"  *Gilstrap v. United Air Lines, Inc.*, 709

23   F.3d 995, 1002 (9th Cir. 2013).  Plaintiff's claim is asserted under Title III.

24           Title III of the ADA states that "[n]o individual shall be discriminated against on the basis

25   of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

26   advantages, or accommodations of any place of public accommodation by any person who owns,

27   leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  The

28   ADA defines discrimination to include:

United States District Court
Northern District of California

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii).  To establish a claim under this provision, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendant because of his disability.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations in federal court must establish standing to pursue injunctive relief. "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'"  *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction and Article III Standing

Defendant in this case challenges Plaintiff's standing on both facial and factual grounds. Reply 3-4.  The Court addresses each in turn.

#### i.   Facial Attack on Jurisdiction

Defendant argues that Plaintiff has failed to adequately plead both an intent to return and deterrence from returning to the specific Peet's Coffee location in San Jose (the "Coffeeshop"), and, therefore, the Complaint is deficient on its face.  Mot. 8; Reply 4-8.  The relevant paragraph of the Complaint alleges, "Plaintiff will return to Peet's Coffee to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him

1    that Peet's Coffee and its facilities are accessible.  Plaintiff is currently deterred from doing so

2    because of his knowledge of the existing barriers and his uncertainty about the existence of yet

3    other barriers on the site."  Compl. ¶ 20.

4         The Ninth Circuit has held that, for the purposes of a facial attack on standing, these

5    statements sufficiently allege an injury-in-fact.  *See, e.g.*, *C.R. Educ. & Enf't Ctr. v. Hosp.*

6    *Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*").  Defendant seeks to distinguish

7    *CREEC* because the appeal was taken from a denial of class certification and the defendant in that

8    case was disputing plaintiff's motivation for visiting the hotels.  Reply 6-7.  On a facial challenge

9    to standing, however, these are distinctions without a difference, as these aspects do not affect the

10   Ninth Circuit's analysis of the complaint's allegations.  As pertinent to facial challenges to

11   standing, the *CREEC* complaint had alleged that the named plaintiffs intended to visit the hotels

12   but were deterred by the hotels' noncompliance with the ADA and that they will visit the hotels

13   when the non-compliance is cured.  *See CREEC*, 867 F.3d at 1099.  The Ninth Circuit held that "at

14   this preliminary stage, we conclude that the Named Plaintiffs have sufficiently alleged injury in

15   fact," noting that, without such averments, the plaintiffs would have lacked standing.  *Id.* (citation

16   omitted).  For those reasons, the Court reaches the same conclusion here on Plaintiff's complaint.

17        Nonetheless, Defendant urges the Court to require Plaintiff to plead additional elements to

18   establish his intent to return to the Coffeeshop, which they refer to as the "*Harris* factors."  *See*

19   Mot. 8 (citing *Harris v. Del Taco, Inc.*, 396 F.Supp. 2d 1107, 1113 (C.D. Cal. 2005)); *see also*

20   Def.'s Reply Br. ("Reply") 7-8.  These factors include (1) the proximity of the place of public

21   accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3)

22   the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near

23   defendant.  *See Harris*, 396 F.Supp. 2d at 1113.  As both Plaintiff and Defendant have

24   acknowledged, the Ninth Circuit has not endorsed these factors.  *See* Opp. 6-7; Reply 7-8.  The

25   Court declines to require these additional elements on top of the allegations the Ninth Circuit has

26   already found sufficient to confer standing in ADA cases.  *Cf. Strojnik v. Bakersfield Convention*

27   *Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not

28   adopted" these factors "despite having confronted the same or similar issue repeatedly").

United States District Court
Northern District of California

1    In accepting all material allegations in the Complaint as true and construing them in favor

2    of Plaintiff, the Court finds that the Complaint has sufficiently alleged standing to survive

3    Defendant's facial challenge to standing.

4              ii.    **Factual Attack on Jurisdiction**

5    In addition to its facial attack, Defendant also mounts a factual attack on Plaintiff's Article

6    III standing, specifically challenging the truthfulness of Plaintiff's stated intent to return and

7    deterrence from returning to the Coffeeshop.  Mot. 11-12; Reply 8-13.  Defendant introduced, by

8    request for judicial notice, evidence of Plaintiff's distance from the Coffeeshop, the fact that

9    Plaintiff recently moved to a residence in Southern California, and the quantity of lawsuits that

10   Plaintiff has filed in this district and across California.  Mot. 9-12; Reply 9.  Additionally, the

11   Court has received and takes judicial notice of the complaint filed on April 11, 2022, by the San

12   Francisco and Los Angeles district attorneys in *People of the State of California v. Potter Handy*

13   *LLP, et al.*, No. CGC22599079 pending in the Superior Court of California, County of San

14   Francisco.  ECF No. 30.

15   In opposition, Plaintiff submitted a sworn declaration, testifying that he enjoys the hot

16   chocolate from Peet's Coffee and frequently visit Peet's Coffee locations when he sees them,

17   including the specific Coffeeshop here that was "conveniently located to where [he] was traveling

18   and will be again on [his] future visits to the area.  Decl. Pl. Supp. Opp. ("Whitaker Decl.") ¶ 3,

19   ECF No. 21-1.  Plaintiff also asserted that he has visited the Bay Area between seven and fifteen

20   times in the past year and had planned on returning within a few days.  *Id.* ¶ 2.  Finally, Plaintiff

21   specifically states that he intends to return to the Peet's Coffee at 1140 Lincoln Avenue in San

22   Jose once he has been assured that the coffee shop is accessible.  *Id.* ¶ 6.

23   The Court finds that Plaintiff's declaration provides sufficient factual support of his intent

24   to return to the Bay Area, Peet's Coffee cafes in general, and the Coffeeshop at issue in this case.

25   *See* Whitaker Decl. ¶¶ 2-3, 6.  Plaintiff's statements, though somewhat broad, are made under

26   penalty of perjury and provide direct evidence of his intent, which Defendant's reply does not

27   rebut and only argues is not sufficiently detailed.  Reply 11-13.  At this stage of the proceedings

28   and in the absence of evidence that Plaintiff does not actually intend to return to the Coffeeshop,

1    these statements are enough to support the Complaint's allegations pertaining to standing.  *See,*

2    *e.g.*, *Garcia v. Chung Enterprises, L.P.*, No. 3:21-CV-05088-WHO, 2021 WL 7285264, at *5

3    (N.D. Cal. Dec. 14, 2021).

4            Defendant's proffered evidence is circumstantial at best and does not overcome Plaintiff's

5    asserted deterrence and intent to return.  First, the fact that Plaintiff lives 337 miles away from the

6    Coffeeshop (ECF No. 14-1, Exs. A-1, A-2) is not dispositive of his intent to return or deterrence

7    from doing so.  *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008)

8    ("Notwithstanding the distance [of 550 miles] between [plaintiff]'s home and the 7–Eleven, there

9    is an actual or imminent threat that, during his planned future visits to Anaheim, [plaintiff]will

10   suffer harm as a result of the alleged barriers.").  Second, Plaintiff's history of filing ADA suits

11   (ECF No. 14-1, Exs. A-5, A-6) also provides little insight into his intentions to return to the

12   Coffeeshop.  The Ninth Circuit has urged "our most careful scrutiny" before relying on past

13   litigation to prevent an ADA plaintiff from pursuing a valid claim in federal court.  *D'Lil v. Best*

14   *W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  More specifically, the type of

15   generalized and collective evidence Defendant presents here does not directly bear upon the crux

16   of the standing inquiry presently before the Court, *i.e.*, whether Plaintiff intends to return to the

17   *specific* Peet's Coffee at issue in this case.  *See Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 875–

18   76 (S.D. Cal. 2019) ("Plaintiff's professed intentions to visit the other hotels—sincere or

19   otherwise—are not before this Court. For the purposes of this Rule 12(b)(1) motion, the Court is

20   only concerned whether Plaintiff has adduced enough support for the proposition that she is likely

21   to return to the Radisson.").

22           This is not to say that Plaintiff's past litigation conduct is wholly irrelevant or unimportant

23   to the inquiry of whether Plaintiff in fact intended to return to the Coffeeshop.  However, because

24   Plaintiff has presented direct and sworn testimony of his intent to return to this specific

25   Coffeeshop and Defendant has only been able to proffer circumstantial evidence regarding

26   Plaintiff's habits more generally, the Court finds that the Plaintiff has presented enough evidence

27   to survive Defendant's factual challenge to jurisdiction at this stage in the proceedings.

28

**B.      Evidentiary Hearing**

Where defendants assert factual attacks on ADA plaintiffs' standing to bring suit, some courts have permitted evidentiary hearings to evaluate plaintiffs' intent to return to the public accommodation at issue. *See, e.g.*, *Garcia v. Chung Enterprises, L.P.*, No. 3:21-CV-05088-WHO, 2021 WL 7285264, at *4 (N.D. Cal. Dec. 14, 2021) (citing *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5257868, at *1 (S.D. Cal. Sept. 3, 2020)).  The Court acknowledges that a jurisdictional evidentiary hearing could be proper under certain circumstances—for instance, where a declaration is internally inconsistent as to the material jurisdictional facts asserted.  Overall, however, the Court agrees with Judge Orrick and several other courts in this Circuit that "if an ADA plaintiff is going to be disbelieved on the issue of standing, it should be in the context of factfinding, not in the context of a Rule 12(b)(1) motion." *Garcia*, 2021 WL 7285264, at *4 (brackets omitted).

Here, given Plaintiff's unequivocally asserted intent to return to the Coffeeshop and the absence of direct evidence rebutting that intent, the Court does not find that an evidentiary hearing is warranted.  That said, the Court notes that discovery has yet to commence, and it is under a continuing obligation to ensure subject matter jurisdiction exists over Plaintiff's claims at all times.  Should subsequent facts arise in the course of discovery that would provide a direct basis to doubt Plaintiff's sworn statements of his intentions to return to the Peet's Coffee, Defendant is welcome to renew its standing challenge at that point. *See, e.g.*, *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 876 n.3 (S.D. Cal. 2019).

**C.      Supplemental Jurisdiction Over Unruh Act Claim**

Both Defendant and Plaintiff address Plaintiff's Unruh Act claim in summary fashion, essentially tethering the Court's supplemental jurisdiction over the state law claims to the determination of jurisdiction on the federal ADA claim.  Mot. 15-16; Opp. 17.  A violation of the ADA constitutes a per se violation of the Unruh Act. *Johnson v. Rando*, No. 21-cv-673-BLF, 2021 WL 2986965, at *6 (N.D. Cal. July 15, 2021).  Because the Court has determined that Plaintiff's ADA claim may proceed, that is also the case for the Unruh Act claim.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and Request for Evidentiary Hearing are DENIED.  Defendant shall file an answer to the Complaint within 14 days of this Order.

Dated:  April 21, 2022

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

9