HUNTON ANDREWS KURTH LLP
M. BRETT BURNS (State Bar No. 256965)
Email: mbrettburns@HuntonAK.com
50 California Street, Suite 1700
San Francisco, California 94111
Telephone: 415 • 975 • 3700
Facsimile: 415 • 975 • 3701

Attorneys for Defendant
PEET'S COFFEE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>PEET'S COFFEE, INC., a Virginia Corporation,<br><br>    Defendant. | CASE NO. 21-CV-05163-BLF<br><br>**DEFENDANT PEET'S COFFEE, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ON MOOTNESS GROUNDS**<br><br>Date: August 25, 2022<br>Time: 9:00 a.m.<br>Judge: Beth L. Freeman<br><br>Complaint Filed: July 6, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

It is undisputed that Defendant has remediated the sole barrier mentioned in Plaintiff's Complaint. There is no competent argument to the contrary, there is no evidence that any case or controversy still exists, and there is nothing left to litigate. Plaintiff's ADA Title III claim is moot. Defendant's Motion to Dismiss should be granted, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim, and Plaintiff's lawsuit should be dismissed.

## II.    ARGUMENTS AND AUTHORITIES

### A.     Defendant's Motion To Dismiss Pursuant To Rule 12(b)(1) Is Proper.

Plaintiff argues Defendant's Motion was improperly presented as a Rule 12(b)(1) motion, and the Court should convert it to a motion for summary judgment. (Opp'n at 2-3.) His argument should be rejected.

As discussed in Defendant's Motion, "[m]ootness has been described as standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Whitaker v. Gundogdu, Inc.*, No. 21-CV-03132-JSC, 2021 WL 5937659, at *2 (N.D. Cal. Dec. 16, 2021). Because mootness pertains to a federal court's subject-matter jurisdiction under Article III, mootness is properly presented "in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *See id.*; *Whitaker v. La Goccia, Inc.*, No. CV-19:10123-PAR (AOx), 2020 WL 1972508, at *3 (C.D. Cal. Mar. 3, 2020).

This noted, because mootness arguments are "intertwined with the merits" of an ADA Title III claim, courts "apply the Rule 56 summary judgment standard to Defendant's 12(b)(1) motion, that is, all reasonable inferences from the evidence must be drawn in Plaintiff's favor and the Court may not resolve disputes of fact." *Gundogdu*, 2021 WL 5937659 at *2; *see Johnson v. DiVittorio*, No. 21-CV-02026, 2021 WL 4749414, at *1 (N.D. Cal. Oct. 12, 2021) ("When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss."). Thus, the Court may properly consider Defendant's Motion under Rule 12(b), subject to applying the legal summary judgment standard. *See Johnson v. Techbusiness Res.,*

*LLC*, No. 20-CV-06048-BLF, 2020 WL 7013596, at *2 (N.D. Cal. Nov. 28, 2020). Defendant's Motion should accordingly be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. . . . Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* When responding, Plaintiff cannot rely on his pleadings or speculation. *See DiVittorio*, 2021 WL 4749414, at *3. He must present evidence to demonstrate his case is not moot, he still has standing to sue, and the Court still has jurisdiction. As discussed below, he does not.

### B. Plaintiff Fails To Dispute Any Of The Facts Establishing That The Lone ADA Title III Violation He Alleges Is Now Moot – Dismissal Is Proper Where, As Here, There Is No Evidence That A Case Or Controversy Still Exists.

Plaintiff's sole claim in this lawsuit arises from allegations that Defendant failed to provide "wheelchair accessible outdoor dining surfaces" at its San Jose coffee shop during an alleged "visit" in June 2021. *See* Pl's Complaint at ¶¶ 10, 11, 14. In its Motion, Defendant presented undisputed evidence that, on February 25, 2022, Certified Access Specialist Larry Wood of Wood Architects inspected the exterior patio dining tables that Defendant provides at its San Jose coffee shop and confirmed that the accessible outdoor patio table Defendant provides meets all relevant requirements under the 2010 ADA Standards for outdoor seating. *See* Dkt. No. 34-1, at ¶¶ 8-10. Specifically, Mr. Wood confirmed that the accessible outdoor patio table has: (a) Vertical knee clear space of 28.25" (27" minimum required"); (b) Horizontal knee space of 31" (30" minimum required); (c) Depth greater than 19" without obstacle (23.625" width under the table); and (d) Surface height of 29.5" (between 28" and 34" required). Dkt. No. 34-1, at ¶ 9. Mr. Wood further confirmed that the vertical clear knee space, the horizontal clear knee space, the unobstructed depth and the surface height of the accessible outdoor patio table meets 2010 ADA Standards and CBC requirements. *Id.* Thus, the undisputed facts established in Defendant's Motion show the lone ADA Title III violation alleged in

Plaintiff's Complaint (lack of accessible outdoor patio table) is now moot (as an accessible outdoor patio table is now provided).

Plaintiff does not dispute these facts, does not challenge these facts, and does not present any competing facts to support his opposition arguments. This is fatal to his claim. This Court has repeatedly granted motions to dismiss ADA Title III claims as moot when, as here, a defendant submits a competent declaration from a qualified expert that the alleged ADA violations have been removed or remediated. For example, in *Techbusiness Res.*, 2020 WL 7013596, at *2, another lawsuit filed by Plaintiff's Counsel, a defendant proved a plaintiff's claims were moot by filing a declaration from "a Certified Access Specialist who has worked in the field of disability access compliance for the past ten years," in which the CASp specialist stated he inspected the premises and found that the alleged ADA violations no longer existed. This Court (Hon. Beth Labson Freeman) granted the defendant's motion to dismiss because plaintiff did "not offer any contrary evidence to meet his burden to establish subject matter jurisdiction in the face of this evidence from Techbusiness." *Id.* at *2-3.

Likewise, in *Johnson v. Opa Campbell LP*, 2021 WL 3493712, at *4, another lawsuit filed by Plaintiff's Counsel alleging inaccessible outdoor patio tables, this Court (Hon. Phyllis J. Hamilton) dismissed the plaintiff's Title III claim as moot where "defendants' expert certifie[d] that the barriers faced by plaintiff, namely, the inaccessible table clearances, have been remedied." There, as here, defendant's CASp specialist proffered undisputed evidence that "the vertical clear knee space, the horizonal clear knee space, the unobstructed depth, and the surface height of the accessible tables each meets ADA and CBC requirements." *Id.* The court found that this evidence "shows that the effects of the violation have been eradicated," and because "Plaintiff offers no contrary evidence to give rise to a factual dispute," the court dismissed plaintiff's claim as moot. *Id.*

Again, in *DiVittorio*, 2021 WL 4749414, at *2, another lawsuit filed by Plaintiff's Counsel alleging inaccessible outdoor patio tables, the defendant argued the plaintiff's claims were "moot and this Court lacks subject matter jurisdiction because all alleged barriers have been removed." Dkt. 22 at 6-7. In support, the defendant submitted a declaration from a licensed access specialist

4
REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
(MOOTNESS)

who inspected defendant's "remediation measures, including a review of accessible tables located indoors and outdoors and a review of the door hardware, and concluded that these items were compliant." *Id.* This Court (the Hon. Susan Van Kuelen) found that defendants presented "evidence that the barriers alleged in the Complaint have been removed," and because "Plaintiff has not rebutted or objected to the Corrected Altwal Declaration, despite having an opportunity to do so," the court dismissed the plaintiff's Title III claim as moot. *Id.* at *2-3; *see also Johnson v. Suit Supply (U.S.A.), Inc.*, No. 21-CV-08932-SVK, 2022 WL 991752, at *2 (N.D. Cal. Apr. 1, 2022) (granting motion to dismiss on mootness grounds where, in "opposition to the present motion, Plaintiff does not dispute Mr. Grandos' declaration or present any evidence to contradict his statement that a new, compliant counter has been installed"); *Whitaker v. Farm-To-Table Eats, Inc.*, 2021 U.S. Dist. LEXIS 176738, at *10 (C.D. Cal. Aug. 24, 2021) ("Regarding the indoor tables, whether there was an accessible table when Plaintiff visited is unclear, however, it is now undisputed that there is an accessible indoor table [and] this renders Plaintiff's ADA claim for injunctive relief moot."); *Gundogdu*, 2021 WL 5937659 at *2 (granting motion to dismiss on mootness grounds where defendant restaurant added outdoor accessible dining surfaces to remediate the plaintiff's claim). These five cases, all of which were litigated by Plaintiff's Counsel, and two of which featured both Plaintiff and Plaintiff's Counsel, prove Defendant's point that dismissal is merited.

The same result is warranted here. Defendant offered undisputed evidence that it corrected and removed the sole barrier to access alleged in Plaintiff's Complaint by providing an accessible outdoor patio table. Plaintiff offers no evidence whatsoever in his Opposition to create a genuine dispute as to any material fact. Thus, as the undisputed facts demonstrate that Plaintiff's lone ADA Title III cause of action is moot, the Court should dismiss this case for lack of subject-matter jurisdiction. *See Johnson v. Hurwicz*, No. 5:21-CV-02027-EJD, 2022 WL 444404, at *3 (N.D. Cal. Feb. 14, 2022) ("Here, Defendants have presented evidence of their voluntary remediation of the alleged barrier. Based on the evidence presented by Defendants, the Court is satisfied that the changes made at the Facility are not mere temporary fixes."); *Gundogdu*, 2021 WL 5937659, at *3;

*Opa Campbell LP*, 2021 WL 3493712, at *4; *Johnson v. Mo's TBJ Campbell LP*, 2021 WL 4846855, at *3; *DiVittorio*, 2021 WL 4749414, at *2; *Techbusiness Res.*, 2020 WL 7013596, at *2.

### C. Plaintiff's Unsupported Arguments And Speculation Are Insufficient To Dispute That Defendant corrected And Removed The Sole Barrier To Access Plaintiff Complains About In This Lawsuit.

Rather than offer competent evidence to dispute Defendant's evidence that his sole claim is now moot because Defendant now provides an accessible outdoor accessible table, Plaintiff instead argues that Defendant "does not mention whether the table described by Mr. Wood was a permanent fixture or movable," "offers no evidence to show that it will continue to be offered as an accessible outdoor table," and "does not make any findings about Defendant's business practices or policies regarding the table." Opp'n at 5. These arguments should be summarily rejected, as it is clear that Plaintiff's claim is moot under applicable standards applied by this District.

In *Johnson v. DiVittorio*, 2021 WL 4749414, at *3, Plaintiff's Counsel made the same argument that Plaintiff makes here, that is, they argued the defendant did not carry "their heavy burden" of showing that the alleged violation – failure to provide accessible outdoor dining tables – was "not likely to recur someday." *Id.* This Court properly rejected Plaintiff's Counsel's arguments, explaining that an accessible patio table had undisputedly been provided, thus "it is apparent that Defendant made structural changes to the tables, not just 'policy changes,'" "as a result, the alleged noncompliance of the tables is unlikely to reoccur," "any conclusion that defendants would take action to remove the table or otherwise cause their dining surfaces to fall into ADA noncompliance would be pure speculation," and "the voluntary cessation doctrine does not apply to avoid the Court's determination that Plaintiff's ADA claim is moot." *Id.*

Likewise, in *Johnson v. Opa Campbell LP*, 2021 WL 3493712, at *4, Plaintiff's Counsel again made the same argument that Plaintiff makes here, and again, the Court rejected the argument, finding that the defendant "installed accessible dining tables," based on the evidence of defendant's remediations, the ADA violations are not reasonably likely to recur," "the voluntary cessation doctrine does not apply to avoid a determination that the plaintiff's ADA claim is moot," and "defendant's remediations moot plaintiff's ADA claim." *Id.* at 3.

As in *DiVittorio* and *Opa Campbell LP*, the remediation here – providing an accessible outdoor patio table – was structural, not purely policy-based. As in those cases, any argument that Defendant would take action to remove the table or otherwise cause their dining surfaces to fall into ADA noncompliance is purely speculative. As in the those cases, the voluntary cessation doctrine does not apply to avoid a proper judicial determination that Plaintiff's ADA claim is moot. There is no evidence whatsoever indicating that Defendant intended to discriminate against persons with disabilities, no evidence of a history of ADA violations at the Peet's Coffee Café in San Jose, and no evidence of any intention to violate the ADA again. Accordingly, Plaintiff's purely speculative argument that the now-remediated complaint that led to this lawsuit is somehow likely to recur should be summarily rejected.

### D. The Court Should Grant Defendant's Motion To Dismiss Without Delay.

Plaintiff's Counsel also repeats their repeatedly discredited arguments that because discovery has been stayed under General Order 56, he has not been able to "conduct discovery as to the current conditions of Defendant's business" and should be permitted to conduct discovery under Rule 56(d) "into whether the accessible table observed by Defendant's CASp will be maintained as accessible by Defendant and its employees, as well as to whether any other barriers relating to his disability exist at the Cafe." Opp'n at 4. Plaintiff relatedly argues that the Court "should not dismiss the action at this very early stage of the case because the jurisdictional analysis required is coextensive with the merits of Plaintiff's ADA claim and Plaintiff has not been given an opportunity to conduct discovery into Defendant's claims of mootness." (*Id.*) These arguments lack merit and should be rejected.

The Court rejected these same arguments as "unavailing" in *DiVittorio*, 2021 WL 4749414, at *2, noting "General Order 56 does not preclude a defendant from filing a motion to dismiss" when a plaintiff's claim is moot, and reasoning "this does not mean that the Court cannot grant relief on a motion to dismiss; it simply means that the summary judgment standard applies" under which courts regularly dismiss Title III claims on mootness grounds. *Id.* The Court stated "Plaintiff has not submitted any declaration showing a likelihood that controverting evidence exists" and "[t]herefore, the Court is not required to postpone or deny Defendants' motion." *Id.*, *accord Suit Supply (U.S.A.),*

*Inc.*, 2022 WL 991752, at *2 (rejecting Plaintiff's Counsel's same arguments); *Johnson v. 1082 El Camino Real*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (same).

There is no reason to delay granting Defendant's Motion. In order to "obtain postponement or denial of a motion for summary judgment based on the need for further discovery, a party must submit a declaration showing, among other things, facts indicating a likelihood that controverting evidence exists." *1082 El Camino Real, L.P,* 2018 WL 1091267, at *2. Here, Plaintiff submitted a declaration from counsel seeking discovery to determine "whether the accessible table observed by Defendant's CASp will be maintained as accessible." (Dkt. No. 36-1.) However, Plaintiff has failed to submit any facts "showing a likelihood that controverting evidence exists," and for this reason, "the Court is not required to postpone or deny Defendants' motion." *Id.* Moreover, any argument that Defendant will not maintain the accessible patio table it undisputedly provided is "pure speculation" and should not prevent the Court from ruling on Defendant's motion now, without any need to open up discovery so that Plaintiff can try to find some new barrier that he never even experienced. *See DiVittorio*, 2021 WL 4749414, at *3; *Opa Campbell*, 2021 WL 3493712, at *3.

To the extent Plaintiff's Counsel requests to stay determining Defendant's Motion so they can be allowed to search for a new reason to perpetuate this litigation (*e.g.*, "conduct a site inspection of Defendant's business to determine if any other barriers relating to his disability exist" (Dkt. No. 36-1)), this request should be summarily denied. The purely speculative allegation that "other" unspecified barriers *may* exist that an inspection *might* uncover is immaterial to the present Motion. *See Gundogdu,* 2021 U.S. Dist. LEXIS 240623, *11 ("Courts thus routinely grant motions to dismiss for lack of subject matter jurisdiction where plaintiffs raise similar arguments but fail to offer a declaration or even any argument regarding what additional evidence they would or could develop if given the opportunity."); *Opa Campbell, L.P.*, 2021 WL 3493712, at *3 (rejecting same argument, reasoning the law "does not require a defendant to wait for a plaintiff's inspection before acting to fix barriers to accessibility" and filing a motion to dismiss, and "[plaintiff's failure to offer competent evidence that additional accessibilities remain" after providing an accessible dining table renders his argument "without support"); *Suit Supply (U.S.A.), Inc.*, 2022 WL 991752, at *2 (same,

emphasizing "Plaintiff has not submitted any declaration showing a likelihood that controverting evidence exists"); *1082 El Camino Real*, 2018 WL 1091267, at *2 (same). Moreover, the deadline for Plaintiff to hold a site inspection expired in September 2021 without Plaintiff filing a motion to extend the deadline or compel the site inspection, thus Plaintiff's Counsel's belated request is both immaterial and untimely. *Johnson v. Hurwicz*, No. 5:21-cv-02027-EJD, 2022 WL 444404, at *3 (N.D. Cal. Feb. 14, 2022) (denying motion for administrative relief because "the deadline to conduct the site inspection in this case expired in June of 2021 without Plaintiff ever seeking a court order compelling the site inspection").

And lest we forget, Plaintiff and Plaintiff's Counsel already have argued to this Court that, despite residing in Los Angeles, and having no discernable connection to San Jose, Plaintiff claims he frequently visits "the Bay area," and expressly relied on that allegation to argue this he had standing to a coffee shop located in San Jose. Since this lawsuit was filed, however, Plaintiff has had 10 months to visit Defendant's San Jose coffee shop, enter the café as a customer, purchase a cup of coffee, and assess for himself whether any other ADA Title III violations exist. Plaintiff has also undisputedly known for weeks (at least since Defendant's Motion was filed) that Defendant provides an accessible outdoor patio table at its San Jose coffee shop. Yet despite frequent visits to "the Bay Area" generally, Plaintiff apparently has not taken the time to visit Defendant's San Jose coffee shop again. And even if for whatever reason he did not want to visit as a customer to purchase a cup of coffee, there was nothing stopping him from traveling by Defendant's coffee shop and confirming from the sidewalk that the accessible patio table Defendant provides in fact exists. His failure to do so further supports rejecting Plaintiff's argument. *See DiVittorio*, 2021 WL 4749414, at *3 (granting motion to dismiss on mootness grounds, rejecting identical "site inspection" argument by Plaintiff's Counsel, stating its conclusion was "further supported" by the fact that the plaintiff had notice prior to filing his opposition that new accessible patio tables had been provided and the complained-of barriers had been removed, yet the plaintiff took no action to confirm these undisputed facts).

E.   **The Court Should Decline To Exercise Supplemental Jurisdiction.**

Plaintiff unconvincingly argues that under the Ninth Circuit's recent decision in *Arroyo v.*

*Rosas*, 19 F.4th 1202 (9th Cir. 2021), declining "supplemental jurisdiction over an Unruh claim is merely discretionary" and should not be compelled here. (Opp'n at 8.) Plaintiff cites and relies on one case where a court did not decline exercising supplemental jurisdiction post-*Arroyo*. *See Garcia v. Chung Enterprises, L.P.,* No. 3:21-CV-05088-WHO, 2021 WL 7285264, at *6 (N.D. Cal. Dec. 14, 2021) (on the "particular facts" of that case, court exercised supplemental jurisdiction, while acknowledging that on the predominance provision, "some cases, on their facts, might call for declining jurisdiction"). However, every other district court case that Defendant is aware of post-*Arroyo* has declined supplemental jurisdiction for Unruh Act claims. *See Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022) ("As far as this Court is aware, every decision thus far to consider the issue in light of *Arroyo*—all from the Central District of California, and all after issuing to orders to show cause—has declined to exercise supplemental jurisdiction."). These cases include numerous lawsuits filed by Plaintiff and Plaintiff's Counsel. In one of these cases, styled *Johnson v. Opa Los Altos, LP*, No. 21-CV-04307-BLF, 2022 WL 159343 (N.D. Cal. Jan. 18, 2022), this Court applied *Arroyo* and declined to exercise supplemental jurisdiction, reasoning that:

> the Ninth Circuit weighed in on this issue as applied to construction-related accessibility cases. *See Arroyo v. Rojas*, 19 F.4th 1202 (9th Cir. 2021). . . . Applying these considerations to this specific case, the Court will decline supplemental jurisdiction. Johnson has not shown that this is anything but the "usual case" in which the Court should decline supplemental jurisdiction . . . . The Court has not considered the merits of the Unruh Act claim and there is no interest in judicial economy in keeping the case. The Court will therefore decline to exercise supplemental jurisdiction over the Unruh Act claim. Plaintiff may bring that claim in state court, subject to any procedural requirements under the Unruh Act that may be applicable to him.

*Johnson*, 2022 WL 159343 at *3–4. Because this case is virtually identical to the numerous cases cited above in which various federal district courts independently declined to exercise supplemental jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim for the same reasons, as values of judicial economy, convenience, fairness, and comity all suggest that declining supplemental jurisdiction is reasonable and appropriate.

### III. CONCLUSION

For the reasons set forth above, and in its previously-filed Motion to Dismiss, Plaintiff's lawsuit is moot. As the only alleged barrier pleaded in Plaintiff's Complaint has been remediated, Defendant requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's ADA Title III claim with prejudice, and decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

DATED: May 16, 2022                              HUNTON ANDREWS KURTH LLP

                                                 By:   /s/ *M. Brett Burns*
                                                       M. BRETT BURNS
                                                       Attorneys for Defendant
                                                       PEET'S COFFEE, INC.